GRIFFIN, J.
Appellant, Tracy Araujo, seeks review of the order of the Unemployment Appeals Commission denying her unemployment benefits. Based on the record before us, we affirm.
Appellant was employed at the Delta Orlando Resort for approximately six years as a supervisor in the food and beverage department. The incident that resulted in her termination occurred on June 17, 1998. Prior to that day, appellant had been on vacation out of state for the preceding two weeks. She claims that at the commencement of her vacation she had been at a high school reunion, had too much to drink and had ingested THC.
On the first day at work after her return, she was injured. She claims that the accident occurred when a bottle of champagne on ice exploded, a piece of glass came flying across the bar and she “happened to be in its pathway.” She claims the accident was not caused by anything she had done and that she had mishandled nothing.
It is apparently company policy that anyone injured on the job is to be administered a drug test and if they fail the test, they are to be discharged. We say “apparently” because the employer’s “policy” is not a part of the record. Appellant contends that because she was the victim of a freak accident that had nothing to do with traces of cannabinoids ingested thirteen days earlier when she was away on vacation, that she could not be discharged for misconduct. The question whether there should be some “nexus” between the positive drug test and the on-the-job injury is not without interest and, depending on exactly what the employer’s drug policy provided, could have merit. Unfortunately, this evaluation cannot be made because the drug-free workplace policy is not part of the record. We have noticed recently a disturbing trend where applicants are denied unemployment benefits for “misconduct” based on violation of a company policy even though the policy is not in evidence. In this case, however, the appellant, who is pro se, admitted during the hearing that the employer’s policy was that: “If ever [she] was suspected, or had a job injury done at Delta and was found alcohol or any kind of drug in [her] system, that it would not be tolerated.” Thus, there is sufficient evidence in the record to support the hearing officer’s finding of misconduct based on violation of the policy but there is not sufficient evidence of the policy or of the incident for us to evaluate the nexus question. Accordingly, we are bound to affirm.
AFFIRMED.
ANTOON, C.J., and HARRIS, J., concur.